IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED NOV 04 2015

| | | |
|---|---|---|
| JOSEF AVERGUN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WARDEN OF THE PHILADEPHIA COUNTY PRISON ON THE STATE ROAD CORRECTIONAL OFFICER BIRETTA | : : : | NO. 15-5723 |

MEMORANDUM

JONES, J.                                                                           NOVEMBER 3, 2015

Plaintiff Josef Avergun, a prisoner at the State Correctional Institution at Coal Township, brings this action pursuant to 42 U.S.C. § 1983, based on allegations that he was beaten by a Correctional Officer at the Philadelphia Industrial Correctional Center on December 16, 2011. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint as time-barred, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     FACTS

The complaint alleges that on December 16, 2011, Correctional Officer Biretta beat plaintiff while he was handcuffed and had chains on his legs. Plaintiff alleges that Officer Biretta was under the influence of narcotics at the time, and that two other correctional officers observed the assault. Plaintiff was injured as a result of the beating.

Plaintiff filed this action against Officer Biretta and the "Warden of the Philadelphia County Prison on the State Road" (presumably the Warden of the Philadelphia Industrial Correctional Center, where the incident occurred). The Court understands plaintiff to be asserting

ENTERED
NOV 04 2015
CLERK OF COURT

1

constitutional claims pursuant to § 1983 based on the assault. He seeks monetary damages and criminal prosecution of the defendants.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Pennsylvania's two-year statute of limitations applies to plaintiff's claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he

hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Here, plaintiff's claims accrued on December 16, 2011, the date on which he was beaten and injured, because on that date he knew or should have known of his injuries and the conduct upon which his claims are based. However, plaintiff did not deliver his complaint to prison officials for mailing until October 9, 2015, which is more than two years after his claims accrued. His complaint is therefore time-barred. As plaintiff's complaint is clearly untimely, and as there is no apparent basis for tolling, amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In any event, plaintiff is not entitled to relief in the form of a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[I]t is today beyond all reasonable doubt that the prosecution of violations of federal criminal law in federal court is a function of the federal government, not private parties, and federal courts lack the power to direct the filing of criminal charges[.]" (citations, quotations, and alteration omitted)), *aff'd*, 572 F. App'x 68 (per curiam).

### IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows, which shall be docketed separately.